WIGGINTON, Judge.
In this workers’ compensation appeal, we are asked to review that part of the deputy commissioner’s order denying a claim for temporary disability benefits, wage-loss benefits, and psychiatric care. We must reverse and remand this cause, which has lagged some three years, for further consideration.
On October 3, 1979, claimant twisted his back carrying a bundle of twenty-foot reinforced steel rods while working for the employer, Bay Steel Erection Company. He was promptly paid temporary total disability benefits from the date of the accident through April 25, 1980. On February 25, 1980, claimant filed an initial claim for rehabilitation services, but did not apply for a hearing. Later, on February 6, 1981, in a pretrial stipulation, he requested TTD benefits from April 25, 1980 to date, rehabilitation, attorney’s fees and costs. The claim was subsequently amended to include wage-loss benefits and psychiatric services. Numerous hearings were held, and on June 22, 1982, the deputy rendered his final order.
Submitted into evidence were various reports of treating and examining physicians regarding claimant’s physical and emotional conditions. Dr. Mendelssohn, an orthopedic surgeon, reported that claimant had reached maximum medical improvement by April 30, 1980, with a 5 percent permanent physical impairment. He recommended an occupational training program so claimant could qualify for a job not requiring heavy lifting. On February 5, 1981, Dr. Leon, a chiropractor, diagnosed a continued spasm in the lumbar paraspinal musculature and concluded that more diagnostic testing was required to determine the extent of the injuries. By March 12, 1981, Dr. Abel, a neurologist, felt that claimant was suffering from a chronic lumbar strain syndrome with a 5 percent physical disability of the body as a whole.
As to claimant’s alleged emotional disability, Dr. Gilbert, a psychiatrist, opined that as of June 8, 1981, claimant was 35 percent temporarily disabled due to a neu-ropsychiatrie condition arising from his being unemployed. However, Dr. Daruna, also a psychiatrist, felt claimant to be merely depressed, and prescribed valium. It was Dr. Daruna’s opinion that claimant was subconsciously resisting getting well.
Claimant testified that after the accident he had attempted to return to work with his employer, but the position had been filled. Thereafter, he unsuccessfully attempted various jobs which he was unable to perform due to his claimed inability to bend, stoop or lift. Claimant produced evidence of a job search, consisting of a list of nineteen businesses, and testimony that he contacted a hospital machine company, several lounges and restaurants, the Florida State Employment Service, and that he regularly read the want ads. He was unable to secure full-time employment.
Also submitted in evidence were reports from two vocational consultants. Harold Dunsky reported that claimant was potentially employable on the open market but at a substantial wage loss. He strongly recommended vocational rehabilitation. Along with submitting her report, June Bank testified that she had been unable to locate a job for claimant where he lived, and that it was her opinion he had no supervisory capacity.
*294 The employer and carrier (E/C) ultimately offered claimant a rehabilitative training program, to begin January 6, 1982, and to pay him TTD benefits during the course of the program. For that reason, the deputy, in his order, directed the E/C to pay claimant TTD benefits for the specified twenty-six week period. No finding was made as to whether claimant had reached maximum medical improvement, or had conducted a good faith job search. No determination was made on the issue of whether claimant was due TTD, TPD, or wage-loss benefits from April 25, 1980 to January 6, 1982. Psychiatric services were denied.
The deputy did not reach the other issues due to the E/C’s offer of rehabilitation services. Because of those services and the twenty-six weeks of TTD benefits, it was the deputy’s opinion that all other issues were thereby moot. We disagree. Such a finding effectively ignores claimant and his disability for purposes of compensation during the period from April 25, 1980, through January 6, 1982. Whether he was thereafter temporarily totally disabled for purposes of rehabilitation services under Section 440.49, Florida Statutes, is irrelevant to his status preceding that date. The fact remains that claimant’s status must be legally defined as an eligible or ineligible recipient for benefits during the period in question, that is, whether he be TTD, TPD, permanently disabled and entitled to wage-loss benefits, or cured. On remand, the deputy is directed to make appropriate findings of fact and conclusions of law in regard to the claim for TTD and wage-loss benefits during the period from April 25, 1980, through January 6, 1982.
However, we affirm the deputy’s denial of the claim for psychiatric services. There was competent and substantial evidence to support the deputy’s finding of insufficient need.
AFFIRMED in part, and REVERSED and REMANDED in part, in accordance with this opinion.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.